UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>RANDY NEWBERRY; DOES 1-10,<br><br>Defendants. | 2:15-cv-2543-JAM-CKD<br><br>SUA SPONTE ORDER REMANDING ACTION TO STATE COURT |

The undersigned revokes any actual or anticipated referral to a Magistrate Judge for the purposes of Findings and Recommendations in this case. See Local Rule 302(d) ("Notwithstanding any other provision of this Rule, a Judge may retain any matter otherwise routinely referred to a Magistrate Judge.").

On December 9, 2015, Defendant Randy Newberry filed a Notice of Removal with this Court, seeking to remove an action from the Superior Court for the County of Stanislaus. Doc. 1. For the following reasons, the Court sua sponte REMANDS this case to the Superior Court of California for the County of Stanislaus.

Under 28 U.S.C. § 1441(a), a defendant may remove an action to federal court if the district court has original jurisdiction. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003)). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). Generally, a defendant seeking to remove an action to federal court must file a notice of removal within thirty days of receiving a copy of the initial pleading. 28 U.S.C. § 1446(b). The

1

1 | defendant seeking removal of an action to federal court has the burden of establishing federal
2 | jurisdiction in the case. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

3 | Defendant is attempting to remove an unlawful detainer action based on federal question subject
4 | matter jurisdiction. Doc. 1. However, Defendant cannot establish jurisdiction that is proper. Federal
5 | courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal
6 | courts can adjudicate only those cases authorized by the United States Constitution and Congress.
7 | Generally, those cases involve diversity of citizenship or a federal question, or cases in which the United
8 | States is a party. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994); *Finley v. United States*, 490
9 | U.S. 545 (1989). Federal courts are presumptively without jurisdiction over civil actions. *Kokkonen*, 511
10 | U.S. at 377. Lack of subject matter jurisdiction is never waived and may be raised by the Court sua
11 | sponte. *Attorneys Trust v. Videotape Computer Prods., Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).
12 | "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power
13 | rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).

14 | Furthermore, the law is clear in the Ninth Circuit that the removal statute should be strictly
15 | construed in favor of remand and against removal. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689,
16 | 698 (9th Cir. 2005). The "strong presumption" against removal jurisdiction means that the defendant
17 | always has the burden of establishing that removal is proper. *Nishimoto v. Federman–Bachrach &*
18 | *Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th
19 | Cir. 1988). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the
20 | first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

21 | In this case, Defendant is unable to establish subject matter jurisdiction before this Court because
22 | the complaint filed in the state court apparently contains a single cause of action for unlawful detainer
23 | based on California Code of Civil Procedure section 1161a. Unlawful detainer actions are strictly within
24 | the province of state court. Defendant's attempt at creating federal subject matter jurisdiction by adding
25 | claims or defenses to a notice of removal will not succeed. *Vaden v. Discover Bank*, 556 U.S. 49, 50

(2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.").

In determining the presence or absence of federal jurisdiction in removal cases, the "well-pleaded complaint rule" applies, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Moreover, "it is well established that plaintiff is the 'master of her complaint' and can plead to avoid federal jurisdiction." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998-99 (9th Cir. 2007); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law").

Plaintiff's complaint raises a single state law claim. The face of a properly-pled state law unlawful detainer action does not present a federal question. Therefore, Plaintiff's complaint avoids federal question jurisdiction. The fact that a notice Defendant received referenced a federal law is insufficient to inject a federal question into the complaint.

Accordingly, the Court REMANDS this case to the Superior Court for the County of Stanislaus for all future proceedings.

Dated: December 10, 2015

_____
John A. Mendez,
United States District Judge